BOND STORES, INC., A CORPORATION, PLAINTIFF-RE-SPONDENT, v. MORRIS FLEISHER, DEFENDANT.

ROBERT W. FRIEDMAN, PETITIONER.

Argued May 7th, 1940—Decided May 25, 1940.

Before Justices TRENCHARD, BODINE and PORTER.

For the plaintiff-respondent, *Julius P. Litwack* (*Max W. Meisner,* of counsel).

For the petitioner, *Van Sickle, Eichler & Marshack* (*A. Albert Eichler,* of counsel).

PER CURIAM.

The petitioner, Robert W. Friedman, seeks to review his conviction for contempt of court by the Orange District Court.

The authority of this court to review and the proceedings thereon are found in *R. S.* 2:15-3, 4 and 5.

Under an order of this court to review the matter it was ordered that the manner of inquiry into the facts be by depositions to be taken before a designated Supreme Court Commissioner.

It appears that the respondent obtained a judgment in the District Court against Morris Fleisher, defendant, for $57.27; that an order of execution against his wages was made directing the Supreme Furniture Manufacturing Co. to withhold

a part of his wages weekly toward the payment of the judgment and to pay the same to the constable. Service of a copy of this order was made on petitioner as treasurer of said company. The order not having been complied with the District Court issuing it made a rule to show cause, returnable before it, why petitioner should not be adjudged in contempt of court. On the return day the court after hearing argument of counsel, but apparently without hearing testimony, found the petitioner guilty and ordered his arrest. He was later punished by the imposition of a fine of $25.

Considering the matter *de novo*, as is the practice (*Attorney-General* v. *Verdon*, 90 *N. J. L.* 494, we have examined the record before us and find from the depositions taken before the commissioner that the petitioner was not guilty of contempt of court. It was established that he had no money in his possession or under his control to which the defendant Fleisher was entitled; that Fleisher was not an employe of the said company but was one of the executive officers thereof with nominal duties and not in receipt of any money for salary for wages or otherwise for his services.

The conviction is set aside, but without costs.